UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM M. TYREE<br>P.O. BOX-100<br>SOUTH WALPOLE, MA. 02071<br>PLAINTIFF, Pro se<br><br>v.<br><br><br>UNITED STATES ARMY<br>CID AGENT PAUL MASON (Retired)<br>CID AGENT JOSEPH BURZENSKI (Retired)<br>DEFENDANTS<br>U.S. Department of Justice<br>John J. Moakley Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210<br>(Main phone: 617-748-3100)<br>Counsel for Defendants | C.A. 04-11430-RCL<br><br>AFFIDAVIT OF THE PLAINTIFF<br>CONFIRMING NOLLE PROSEQUI<br>AND DISMISSAL OF CRIMINAL<br>CHARGES FOR INSUFFICIENT<br>EVIDENCE THAT BROUGHT ABOUT<br>ALLEGED FALSE ARREST AND<br>IMPRISONMENT WITH EXHIBITS<br>IN SUPPORT. |

I, William M. Tyree, on oath state:

1. That, I am the Plaintiff in the above named action.

2. That, I was present in the First District Courthouse of
   Northern Middlesex County, Ayer, Massachusetts, on May 15,
   1979, when Judge James Killiam III, found **no probable cause
   against me on the criminal complaints which charged:**

   > (a). Murder, First Degree;
   > (b). Conspiracy To Commit Murder;
   > (c). Accessory Before The Fact Of Murder.

3. That, the attached copy of transcript from May 15, 1979, at
   **EXHIBIT-A**, is a genuine true copy of the document that it
   purports to be. At page 7 of 16 pages, the bottom half of
   the transcript page confirms that no probable cause was
   found against me on the three criminal complaints above.

4. That, in April 1987, I did receive the letters from ADA
   Catherine Sullivan, and ADA Peter Agnes which confirmed
   that the prosecution dismissed the charges of Conspiracy
   To Commit Murder, and Accessory Before The Fact Of Murder
   due to lack of evidence. The letters are attached at **EXHIBIT-B**.
   These letters are true genuine copies to the best of my own
   knowledge.



I, William M. Tyree         on oath state that the
copies attached as pages to this exhibit are
true genuine copies of the documents they
purport to represent. Signed under the pains
and penalties of perjury on this date, 7/3/04 .

William M. Tyree
Pro se
P.O. Box-100
S. Walpole, MA. 02071

(151)

Addendum-1
page 2 of 16 pages

the deed, which barracks are vulnerable to daily

inspection, would strain the credulity of even

the most gullible.  The enlightened suspicion

of frame is inescapable to this Court.

The defendant Tyree had two "best

friends"; First, Staff Sergeant Menzie, who had

nothing but concern for Tyree and his wife, Elaine,

to the extent that Staff Sergeant Menzie all but

forced Tyree to go through a listing of suspects

and circumstances.  These Tyree failed to produce.

Second, Specialist 4 Earl Michael Peters, a

regular visitor at the Tyree apartment, had the

confidence of William Tyree and his intimate

knowledge of the Tyree home and habits, together

with his probable involvement with Tyree in

various illegal activities, suggests his involve-

ment in the homicide.  This same intimacy tends

to explain Tyree's apparently accurate grasp of

the events surrounding his wife's death.  Peters

obvious guile and Tyree's apparent intellectual

deficiency (as educed from the testimony of most

witnesses) lead more believably toward Peters

Addendum-1
Page 4 of 16 pages

and after complete hearing of all the evidence, all

parties being represented by Counsel, and with

full opportunity to be heard in examination of

witnesses, I make the following determinations

and orders:  would the defendants please stand up.

I.  Private William Tyree, probable

cause found on complaint and process to issue

if not already issued:

1.  Accessory after the fact of

murder.

2.  Conspiracy with Earl Michael

Peters to obstruct justice.

3.  Obstruction of justice.

II.  Private Eric Y. Aarhus, probable

cause found on complaint and process to issue

if not already issued:

1.  Accessory before the fact of

murder.

2.  Murder in the first degree.

3.  Conspiracy with Earl Michael

Peters to murder Elaine Tyree.

(155)

defendants of their right to waive indictment and
to proceed to trial upon the foregoing complaints.
James W. Killam, III, Special Justice, dated
May 15, 1979.

MR. DEMICHAELIS:  As I understand it,
if your Honor please, none of those charges that
you have made findings upon against Tyree
presently exist as far as issuance of complaints
or anything of that nature.

COURT:  No.  They will all have to be
new complaints.

MR. DEMICHAELIS:  So, you're finding
no probable cause on the present complaints?

COURT:  That's correct.

MR. DEMICHAELIS:  And just so that I
understand correctly, are there any present charges
in existence that your Honor found probable cause
on, either against Aarhus or Tyree?

COURT:  Conspiracy to murder and murder
in the first degree.

MR. DEMICHAELIS:  Only as far as Aarhus
is concerned?

(157)

1

2      your Honor has found probable cause upon is

3      conspiracy to murder against Aarhus, is that

4      correct?

5              COURT:  And murder in the first degree.

6      For what it's worth, not with the idea that he

7      wielded the knife, but with the idea that he was

8      a principal and involved in the crime.  There

9      will be a further complaint issued against

10     Private Aarhus, accessory before the fact to

11     murder.  And, I believe that's the only new one

12     for Aarhus.  Then there will be six complaints

13     against Earl Michael Peters.  The Government's

14     obligation as far as my order is concerned, it's

15     only to sign the complaints.  The Clerk's

16     obligation is to issue process.  From there on

17     it will be the determination of the District

18     Attorney as to what's to be done.

19             As far as the exhibits are concerned,

20     will you take custody of the exhibits?

21             MR. DEMICHAELIS:  Yes, I shall.

22             COURT:  Does the Government wish to be

23     heard in the matter of bail?

24

(159)

Addendum-1
page 10 of 16 pages

this respect that right now the defendant Tyree

has no roots in the community at all.  He has no

apartment or home.  He has no other family in the

community.  He has no job, except for the army,

which I think has been indicated throughout the

trial that he expects to leave the Army.  Whether

he leaves and waits to be discharged, is a question.

I think in view of the fact that there has been

that possibility of an escape, it's conceivable

that he may not wish to be processed through the

Army, and leave forthwith.

COURT:  I don't see that bail

would have much to do with escape.

MR. DeMICHAELIS:  Well, the fact

that he couldn't make the fifty thousand would at

least keep him in custody, Your Honor.  I would - -

COURT:  I suspect that the Govern-

ment is going to proceed to an indictment on these

complaints in any event.

MR. DeMICHAELIS:  It's conceivable.

I would think that that's a distinct possibility,

Your Honor.  But, in the interi

1

2          COURT:  I think we can get a

3  complaint within the next two minutes that will

4  keep him.  I've ordered it as part of this decision.

5  Get the accessory after the fact of murder, and I'll

6  hold him.

7          MR. BRADLEY:  I think on bail,

8  Judge, the hearing is tended to  clear the air a

9  little bit.  There's no indication he was going to

10  run.  There may have been some indication he was

11  going to go to Germany, but - -

12          COURT:  Is Lt. Boisseau here?

13          MR. BRADLEY:  But he's been in-

14  volved, as you know, from evidence here and matters

15  before.  There were some serious matters he was

16  involved in before, and he never attempted to run.

17  He made no attempt to go anywhere, as a matter of

18  fact.  There is no reason to believe he's going to

19  run away now.  I have no reason to believe that

20  he's going to run away now, or leave the jurisdiction.

21  I would ask Your Honor to consider bail that he

22  could make, something in the neighborhood of ten

23  thousand dollars, with a thousand cash, alternative

24

(163)

Addendum-1
page 14 of 16 pages

CLERK: William M. Tyree, Jr., would you kindly stand please. This complaint, complaint 978 of 1979, Court finds probable cause, accessory after the fact of murder. The Court also commits you on this complaint, and twenty-five thousand dollar cash or surety. You stand committed on this complaint of accessory after the fact of murder.

MR. BRADLEY: Is that twenty-five thousand cash alternative, Judge?

CLERK: Cash or surety.

MR. BRADLEY: Cash in the amount of twenty-five hundred?

CLERK: Twenty-five thousand.

COURT: You have the right to disagree with my finding that he should be held on bail. You have a right to hearing before the Justice of the Superior Court in the matter of possible reduction. You may make that election today.

CLERK: I'll have them sign a petition of review of bail, Your Honor.

COURT: My written findings are

(165)

1
2
3            C E R T I F I C A T E
4
5        I, June Gibbs, do hereby certify that the
6    foregoing record, pages 3 through 17, is a complete,
7    accurate and true transcription of my voice recorded
8    tapes taken in the aforementioned matter to the best
9    of my skills and ability.
10
11
12
13
14            _____
15                June Gibbs, Voice Writer
16
17
18        The foregoing certification of this trans-
19    cript does not apply to any reproduction of the same
20    by any means unless under the direct control and/or
21    direction of the Certifying Reporter.
22
23
24

JGF Court Reporters
Superior Courthouse
East Cambridge, Massachusetts 02141

beat and so forth his wife. I think that what you have

done now is help the defendant--I'm sorry--help the

Commonwealth to establish something that they are

incapable to proving during a trial. The defendant is

deprived of a trial, fair trial by it.

THE COURT. I think it is not. Your rights, of

course, are saved. I do not propose to delay the trial

at this time.

MR. BRADLEY. Your Honor, note my objection.

THE COURT. Of course your objection is noted.

MR. McCORMICK. Your Honor, I have got a Bill of

Particulars that I had drafted up this morning and I

didn't have a chance to get it down before the case

started. I would like to have it filed now.

THE COURT. Do you object to it being filed?

MR. BRADLEY. My objection, Judge, once again,

I say, if I may say so, I didn't undertake this case.

The district attorney's office has been on the

investigation of this case since the day the girl was

killed. They knew what they had on the defendant Aarhus,

they knew what they had on the defendant Tyree. That

is the proper way to prepare an investigative case.

Now, in this case they mess it up. They have for a year

been trying to get the Court and everybody else in sight

to make Aarhus come into this court and testify. They



I, <u>William M. Tyree</u> on oath state that the copies attached as pages to this exhibit are true genuine copies of the documents they purport to represent. Signed under the pains and penalties of perjury on this date, <u>7/3/04</u>.

William M. Tyree
Pro se
P.O. Box-100
S. Walpole, MA. 02071



# THE COMMONWEALTH OF MASSACHUSETTS
### OFFICE OF THE
## DISTRICT ATTORNEY FOR MIDDLESEX COUNTY
### CAMBRIDGE 02141

JOHN J. DRONEY
DISTRICT ATTORNEY

January 5, 1981        *JAN - 8 1981*

Hugh M. Samson, Esq.
Massachusetts Defenders Committee
120 Boylston Street
Boston, MA 02116

RE:  William M. Tyree, Jr.

Dear Attorney Samson:

    Due to insufficient evidence the charges of conspiracy to commit murder, and accessory before the fact of murder were dismissed against Mr. Tyree. Nolle prosequi was entered. Enclosed are the relevant documents.

                    Sincerely yours,

                    John J. Droney
                    District Attorney

            By:     Peter W. Agnes, Jr.
                    Assistant District Attorney
                    Superior Courthouse
                    46 Thorndike Street
                    Cambridge, MA 02141

PWA/dml
Enclosure:

DE BS

R 142300Z FEB 79

FM BOSTON

TO DIRECTOR ROUTINE

SALT LAKE CITY (62-0) ROUTINE

BT

UNCLAS

UNSUB; ▓▓▓▓▓▓▓▓▓▓▓▓ INFORMATION CONCERNING

RE SALT LAKE CITY TT TO BUREAU AND BOSTON FEBRUARY 10, 1979.

FOR INFORMATION, ON JANUARY 30, 1979, ELAINE TYREE WAS

BRUTALLY MURDERED IN HER APARTMENT IN AYER, MASSACHUSETTS.  SHE

AND HER HUSBAND, WILLIAM TYREE, WERE BOTH IN THE U.S. ARMY, FORT

DEVENS, MASSACHUSETTS.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

ON FEBRUARY 14, 1979, AYER POLICE DEPARTMENT CHARGED

11 FEB 15 1979

MAR 2 1 1979

SU 62-0 PAGE THREE    UNCLAS

b7C ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ON JANUARY 30, 1979, ▓▓▓▓▓▓▓▓▓
ELAINE A. TYREE, NEE HEBBS, 22 YEAR OLD FEMALE, U. S. ARMY
PFC, ASSIGNED FORT DEVENS, MASS., MURDERED IN AYRE, MASS.
VICTIM REPORTEDLY STABBED SEVEN TIMES, THROAT SLIT. ELAINE,
b7C ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ U.S. ARMY SPECIALIST E-4, WILLIAM M.
TYREE, JR., ▓▓▓▓▓▓▓▓▓▓▓▓▓ LAST FOUR DIGITS SSAN
▓▓▓▓ ASSIGNED ▓▓▓▓▓▓▓▓▓▓▓ FORTYFIRST MILITARY
INTELLIGENCE DETACHMENT, FORT DEVENS, MASS. AS OF
AFTERNOON FEBRUARY 6, 1979, WILLIAM M. TYREE, JR.
PATIENT WALTER REED MILITARY HOSPITAL, WASHINGTON, D.C.,
FOR REPORTED "MENTAL BREAKDOWN" AFTER WIFE'S MURDER.

   WILLIAM TYREE JR. REPORTEDLY PREVIOUSLY CHARGED IN
MID 1978 BY CRIMINAL INVESTIGATIVE DIVISION (CID), FORT DEVENS,
WITH THEFT AND SALE OF GOVERNMENT PROPERTY SUCH AS STAR
CLUSTERS, GRENADES, WHITE SNOW SUITS, ET AL. TYREE FAMILY
REPORTEDLY WERE FURNISHED STATEMENTS OF WITNESSES CID
INVESTIGATION REGARDING SAID THEFT OF GOVERNMENT PROPERTY
ALLEGATIONS. SAID CHARGES "DROPPED" BY CID AFTER WIFE'S
b7C MURDER. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

SU 62-3 PAGE FIVE    UNCLAS

b7C
b7D



ABOVE INFORMATION FURNISHED FOR POSSIBLE DISSEMINATION

PERTINENT LAW ENFORCEMENT AND MILITARY AGENCIES FOR FOLLOWING

REASONS:

b7C
b7D

