UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MASSACHUSETTS

```
WILLIAM M. TYREE                    )    C.A. 04-11430-RCL
P.O. BOX-100                        )
SOUTH WALPOLE, MA. 02071            )
PLAINTIFF, Pro se                   )
                                    )    AFFIDAVIT OF WILLIAM M. TYREE
V.                                  )    ATTESTING TO PRISON DOCUMENTS
                                    )    THAT CONTAIN THE DATE OF
                                    )    FEBRUARY 13, 1979, AS THE
                                    )    DATE OF THE ARREST OF WILLIAM
UNITED STATES ARMY                  )    M. TYREE, AND THE DATE HIS
CID AGENT PAUL MASON (Retired)      )    SENTENCE TOOK EFFECT.
CID AGENT JOSEPH BURZENSKI (Retired))
DEFENDANTS                          )
U.S. Department of Justice          )
John J. Moakley Courthouse          )
1 Courthouse Way, Suite 9200        )
Boston, Massachusetts 02210         )
(Main phone: 617-748-3100)          )
Counsel for Defendants              )
```

I, William M. Tyree, on oath state:

1. That, I am the named plaintiff in the above entitled case.

2. That, after I filed the Original Complaint in the above entitled case, I was able to get copies of the attached documents:

    (a). "Deductions From Sentence Summary Sheet" (which lists "Effective Date of Sentence" as <u>2-13-79</u>);

    (b). "Inmate Sentence Listing" (which lists "Effective: 19790213" or February 13, 1979).

3. That, the date of February 13, 1979, is in conflict and under challenge before this United States District Court, as the Supreme Judicial Court clearly found that I was arrested on the date of February 14, 1979. The date of February 14, 1979, as the true date of my arrest has never been challenged by the Commonwealth despite the fact that we have been to court in some fashion or

INITIALS: *LB*
NOTICE: 11-4-02

MCI-CEDAR JUNCTION

# "Deductions From Sentence" Summary Sheet

S.D.P. Clearance
Needs
Processing          Cleared
                    NA

Date: October 24, 2002

Prepared by: Lisa Black

Inmate: Tyree, William

Number: W-37519

Effective Date of Sentence: 2-13-79

Period Beginning: 2-1-02 (Date)

Period Ending: 9-30-02 (Date)

### Governing Release Dates

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| —      | —       | Life    | —      |

Total Deductions Allowed in Computing Adjusted Release Dates from Governing Release Dates:

Good Conduct: ∅    Camp: ∅
129 D: 407         Blood: ∅

Total Good Conduct Forfeitures: _____
(not to be included in computation)

### Adjusted Release Date
Includes Camp time, blood time, 129 D

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| —      | —       | Life    | —      |

Since Last Requested - Dated 1-29-02

Camp: ∅

Blood: ∅

### 129 D (Only)

| Program/Activity | Institution of Participation | Dates of Participation | # Recommended Deductions |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | See Other Side! → | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |

### Revised Release Dates

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| —      | —       | Life    | —      |

Total Numbers of Days Recommended: 20

*Sharon Blanchard* 11-4-02
Superintendent or Designee    Date

Total Number of Days Granted: 20

*Michael T. Maloney* 11-7-02
Commissioner              Date

[RECEIVED stamp: CLASSIFICATION DIVISION]

The next afternoon, Wednesday, February 14, Tyree set up a meeting with Aarhus off the base and arranged to have police officers present. When Tyree and Aarhus failed to appear, the officers went to the CID building at Fort Devens. Within a few minutes Tyree appeared and announced, "I've just seen the knife, the knife is in the barracks under Aarhus' pillow and you'd better get down there before it's moved." After receiving permission from military authorities, police officers and Army Criminal Investigation Division agents went to the service company barracks and searched Aarhus' room. Under his pillow, they found a knife with a four-and-one-half inch blade in a sheath, wrapped in a plastic bag. The knife had "Captain Beyond" inscribed on the blade and was covered with bloodstains later determined to be of Elaine Tyree's blood type. Officers arrested Aarhus immediately and brought him back to the CID building within thirty-five or forty

minutes after Tyree had entered that building. Shortly thereafter, Tyree was arrested.

 

**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE
FORT GEORGE G. MEADE, MARYLAND 20755-5360

MAY 1 1 2004

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

Eastern U.S. Torts Branch
04-C01-T062

Mr. William M. Tyree
Post Office Box 100
South Walpole, Massachusetts 02071-0100

Dear Mr. Tyree:

    This notice constitutes final administrative action on your claim against the United States in the amount of $25,000,000 for alleged illegal actions on the part of the U.S. Army in connection with your arrest in February 1979.

    Your claim is denied. At the time of the alleged illegal Army actions, you were on active duty in the United States Army. A claim based on damages sustained while on active duty and incident to one's military service is excluded from consideration under the Federal Tort Claims Act. <u>Feres v. United States</u>, 340 U.S. 135 (1950); Title 28 of the United States Code, sections 2671-2690.

    If you are dissatisfied with the action taken on your claim, you may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter. By law, failure to comply with that time limit forever bars you from further suit. I am not implying that any such suit, if filed, would be successful.

Sincerely,

Melvin G. Olmscheid
Colonel, US Army
Chief, Tort Claims Division



**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE
FORT GEORGE G. MEADE, MARYLAND 20755-5360

JUL 1 2004

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Eastern U.S. Torts Branch
04-C01-T071/T072

Mr. William M. Tyree
Post Office Box 100
South Walpole, Massachusetts 02071-0100

Dear Mr. Tyree:

This notice constitutes final administrative action on your claims against the United States in the amount of $25,000,000 each for alleged illegal actions on the part of the U.S. Army in connection with your arrest in February 1979.

Your claims are denied. Since you have filed suit against the United States in the United States District Court for the Eastern District of Massachusetts, your claims are no longer amenable to administrative resolution.

While I realize that your claims are in suit, I am nevertheless required by regulation to inform you that if you are dissatisfied with the action taken on your claims, you may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter. By law, failure to comply with that time limit forever bars you from further suit. I am not implying that any such suit, if filed, would be successful.

Sincerely,

Joseph H. Rouse
Acting Chief, Tort Claims
Division

Certified Mail Number:
7003 0500 0004 5979 6515

May 24, 2004

*LETTER SENT*
*5/24/04*

Department of the Army
Attn: Colonel Melvin G. Olmscheid
      Chief, Tort Claims Division
4411 Llewell Avenue
Fort Meade, MD. 20755-5360

*SUIT FILED IN USDC*
*6/23/04*

*ARMY ATTORNEY*
*NOTIFIED*

RE: Enclosed Standard Form 95 Which
    Contains Two Additional Tort Claims
    That Will Be Raised In The U.S.
    District Court In Massachusetts.

Dear Colonel Omlscheid,

Greetings and happy Memorial Day. I received your attached letter of May 11, 2004.

Since receiving your letter I have completed the Civil Complaint that will be filed into the United States District Court in Massachusetts. It is also attached. It is 29 pages long, and has 67 paragraphs. It includes the two recent tort claims that have been raised in conjunction with The Privacy Act, and Federal Records Act.

Further, in your attached letter, you relied entirely upon the FTCA previously brought to your attention to be barred by the **Feres Doctrine**. Although I disagree with that conclusion on your part, nevertheless, I respectfully point out that UP Massachusetts law, any affirmative defenses that the U.S. Army intends to bring should be listed in your response. With only the mention of **Feres**, I would be remiss in my duty as a pro se litigant, if I failed to alert you to the duty of your office to list any and all afirmative defenses at this time. Make no mistake about it, should you not list them, I will move to strike any that may be filed in the future by the U.S. Army. Please consider this letter a final reminder of that matter.

This is the third and final Standard Form 95 I bring to your attention and thank you for your prompt and professional response in this matter. It took me twenty years to get the Army to award me the Parachute Badge I earned on my first

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Dept. of the Army, Attn: Chief, Tort Branch, 4411 Llewellyn Avenue, Fort Meade, MD. 20755-5360 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) William M. Tyree, Pro se, P.O. Box-100 S. Walpole, MA. 02071 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 2/21/58 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT June 2003 | 7. TIME (A.M. OR P.M.) Day time |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

(1). Federal Tort Claim Act: 4-Legal Claims;
(2). The Privacy Act: 1-Legal Claim with Federal Tort Claim;
(3). Federal Records Act: 1-Legal Claim with Federal Tort Claim;

A total of six legal claims is presented for review.

This claim is presented to supplement the prior two claims presented since April 19, 2004. Thank you.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
Same as claimant, William M. Tyree.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) No property damage claimed.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See attached 29 page, 67 paragraph Civil Action which will be presented to the U.S. District Court in Massachusetts as it is seen with Exhibit(s) 1-7, previously served on the U.S. Army Tort Branch through 4/19/04 service.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| SJC Published Case of Commonwealth v. Tyree, 387 Mass. 191, 203 (1982) (This decision formed the basis for the discharge of William Tyree: it must be accurate.) | (civilian court had jurisdiction and found that arrest/probable cause didn't exist until 2/14/79: Witness is the five SJC justices that rendered the written opinion that was accepted by the Army.) |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE None | 12b. PERSONAL INJURY $25,000,000.oo | 12c. WRONGFUL DEATH None | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $25,000,000.oo |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *William m. Tyree* | 13b. Phone number of signatory None | 14. DATE OF CLAIM May 24, 2004 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-108
Previous editions not usable.   NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2