August 15, 2004

United States District Court
**Attn: William G. Young, Chief Justice**
John J. Moakley Courthouse
1 Courthouse Way, Suite 5710
Boston, Massachusetts, 02210


RE: Assignment Of New Judge To The
    Case Of Tyree v. U.S. Army, Et al, 04-11430-RCL.


Dear Chief Justice Young:

   It has come to my attention that Judge Reginald C. Lindsay, assigned to the above case has taken ill. I regret to hear that. Unfortunately, as the plaintiff in the above case it is my duty to move this case forward, as I am proceeding pro se.

The attached docket will reflect that there is a motion pending for the u.S. Marshal to serve (retired) CID Agent Joseph Burzenski. I attempted to serve this agent twice, by Certified U.S. Mail. Both times this agent refused to accept the package. The rest of the Defendants, the U.S. Army, and (retired) CID Agent Paul Mason were served through the U.S. Attorney in Boston. In order for this case to go forward I need a ruling on the motion to serve Agent Burzenski.  Further, I need a judge assigned to the case that will be available for the flurry of motions I have waiting to file once the Defendants enter the default stage on this case.

I have no objection if this case is reassigned to another judge, or if you, Chief Justice Young retain this case and act as the judge in this matter. It relates to my criminal case, and as you may recall. You were the state court trial judge in 1980 that heard this case at trial. You would be surprised to learn of the new facts that have emerged. Especially those that related to the false arrest and imprisonment that the SJC verified through the finding in my case from 1982. According to the SJC, the true time and date of my arrest was not until February 14, 1979. The Army was led to believe that probable cause existed on February 13, 1979, and released me to Massachusetts police authorities on

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:04-cv-11430-RCL

Tyree v. United States Army et al
Assigned to: Judge Reginald C. Lindsay
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2671 Federal Tort Claims Act

Date Filed: 06/23/04
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**
-----------------------

**William M. Tyree, Jr.**

represented by  William M. Tyree, Jr.
MCI Walpole
P.O. Box 100
South Walpole, MA 02071
PRO SE

V.

**Defendant**
-----------------------

**United States Army**

**CID Agent Paul Mason (Retired)**

**CID Agent Joseph Burzenski (Retired)**

| Filing Date | # | Docket Text |
|---|---|---|
| 06/23/2004 | 1 | COMPLAINT Filing fee: $ 150, receipt number 56831, filed by William M. Tyree Jr..(Stanhope, Don) (Entered: 06/24/2004) |
| 06/23/2004 |  | Summons Issued as to CID Agent Joseph Burzenski (Retired), CID Agent Paul Mason (Retired), United States Army. (Stanhope, Don) (Entered: 06/24/2004) |
| 06/23/2004 |  | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Cohen. (Stanhope, Don) (Entered: 06/24/2004) |

|            |   | Service. (Stanhope, Don) (Entered: 08/03/2004) |
|------------|---|------------------------------------------------|
| 07/30/2004 | 4 | AFFIDAVIT of William M. Tyree Jr. Attesting to Service of the Summons, Amended Complaint, and Supporting Documents Seen in Attached Letter of July 3, 2004 on Defendant(s) U.S. Army, and CID Agent Paul Mason. (Attachments: # 1 Exhibit RETURNED DOCUMENTS)(Stanhope, Don) (Entered: 08/03/2004) |

| PACER Service Center |||
|---|---|---|
| Transaction Receipt |||
| 08/04/2004 14:19:26 |||
| PACER Login: | rr0698 | Client Code: |
| Description: | Docket Report | Case Number: | 1:04-cv-11430-RCL |
| Billable Pages: | 2 | Cost: | 0.14 |

U.S. Court Of Appeals Docket

Proceedings include all events.
04-2053  Tyree, et al v. Dennehy

| Date | Entry |
|---|---|
| 8/5/04 | ORIGINAL PROCEEDING docketed. Opening forms sent. Notice of Appeal filed by Petitioner William M. Tyree. Appearance form due 8/19/04 . [04-2053] (bety) |
| 8/5/04 | Application for permission to file a successive habeas petition pursuant to 28 U.S.C. $2254 arising from the lack of subject matter jurisdiction of the Massachusetts court the petitioner's conviction originated from. Certificate of Service dated 8/2/04 . [04-2053] (bety) |
| 8/11/04 | APPEARANCE filed by William M. Tyree for Petitioner William M. Tyree. [898207-1] [04-2053] (bety) |
| 8/11/04 | LETTER filed by petitioner regarding the filing of a fee. [04-2053] (bety) |
| 8/11/04 | Letter sent to appellant regarding filing fees: I am writing in response to your letter regarding the filing fees in this case.        Please be advised that no filing fee is necessary in this case. A copy of the docket sheet is enclosed for your review. [04-2053] (dona) |

*Exhibit(s) 1 and 2 attached reflect my sentence took effect on "19790213" (or 2/13/79), or "2-13-79".

Exhibit-3 is the U.S. Army DD-214 that reflects at Box-29 the dates of "790213 TO: 821015" (Army admits that I was not present for duty as of 790213 (2/13/79), and last date on duty was 821015 (10/15/82 when I was discharged).

Exhibit-4 are relevant pages from **Commonwealth v. Tyree** (1982), which list the actual date of my arrest as Wednesday, February 14, (or 2/14/79).

Compare the date directly above. According to the games waged against the trial court, (Judge William G. Young), Middlesex Superior Court, the true date of my arrest was not discovered until the SJC reviewed all the testimony and documents on my Direct Appeal: my sentence took effect before I was arrested for the crime.

```
                    Inmate Sentence Listing
            W37519         TYREE,WILLIAM
Report Date:2003 0930 08:35:28
------------------------------------------------------------------
                        Sentence Unit:  A
------------------------------------------------------------------
Sent #: 1          Statute:  1ST   265    2                    110
                             MURDER (1ST)
    Off. Date:  19790113
    Sent. Type: State Prison                           PE:
      Imposed:  19800229                               Min:
      Invoked:  19800229      TO Life without Parole   Max:
  Jail Credit:  381                                    Gcd:
    Effective:  19790213
        Court:  MIDDLESEX CAM SUP CRT
       Docket:  791383

                                    Earn Good Time Restrictions.
    Probation Restrictions.         Statutory good Time Restrictions.
                                    Camp Time Restrictions.
    Parole Restrictions.

   Paroled     Revoked   Returned        Escaped      Returned
   -------     -------   --------        -------      --------

                                    Combined dates as of   20030907 04:39
                                    --------------------------------------
     Time on parole:        0           Original    Revised    Adjusted
  Dead time(parole):        0      PE Date :
  Dead time (escape):       0
        Earned time:   434.50      Minimum :
         Forfeitures:     .0       Maximum :
        Restorations:     .0       GCD Date:
```

*This does not include earned time for Sept. 03*

MCI-CEDAR JUNCTION

# "Deductions From Sentence" Summary Sheet

INITIALS: SB
NOTICE: 11-1-02

S.D.P. Clearance
Needs Processing      Cleared      NA

Date: October 24, 2002

Prepared by: Lisa Black

Inmate: Tyree, William

Number: W-37519

Effective Date of Sentence: 2-13-79

Period Beginning: 2-1-02 (Date)

Period Ending: 9-30-02 (Date)

### Governing Release Dates

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| —      | —       | Life    | —      |

**Total Deductions Allowed in Computing Adjusted Release Dates from Governing Release Dates:**

Good Conduct  Ø     Camp  Ø
129 D  407          Blood  Ø

**Total Good Conduct Forfeitures:** _____
(not to be included in computation)

### Adjusted Release Date
Includes Camp time, blood time, 129 D

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| —      | —       | Life    | —      |

Since Last Requested - Dated 1-29-02

Camp: Ø

Blood: Ø

### 129 D (Only)

| Program/Activity | Institution of Participation | Dates of Participation | # Recommended Deductions |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | See Other Side! → | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |

### Revised Release Dates

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| —      | —       | Life    | —      |

Total Numbers of Days Recommended: 20

_Sharon Blanchard_  11-1-02
Superintendent or Designee    Date

Total Number of Days Granted: 20

_Michael T. Maloney_  11-7-02
Commissioner    Date

CLASSIFICATION DIVISION

| DD FORM 214 1 JUL 79 | PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE. | A4 | CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY |
|---|---|---|---|

| 1. NAME (Last, first, middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| TYREE, WILLIAM MURRAY JR | ARMY/RA | 528 96 6321 |

| 4a. GRADE, RATE OR RANK | 4b. PAY GRADE | 5. DATE OF BIRTH | 6. PLACE OF ENTRY INTO ACTIVE DUTY |
|---|---|---|---|
| PV1 | E1 | 580221 | SALT LAKE CITY UT |

| 7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8. STATION WHERE SEPARATED |
|---|---|
| CO A USAPCF FT DIX NJ   TC | FORT DIX NJ   08640 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE |
|---|---|
| NA | AMOUNT $ 35,000   ☐ NONE |

| 11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY (Additional specialty numbers and titles involving periods of one or more years) P76P1P MAT CTL & ACTG SP 04 YRS 11 MOS | 12. RECORD OF SERVICE | YEAR(s) | MON(s) | DAY(s) |
|---|---|---|---|---|
| | a. Date Entered AD This Period | 77 | 08 | 22 |
| | b. Separation Date This Period | 82 | 10 | 15 |
| | c. Net Active Service This Period | 01 | 05 | 21 |
| | d. Total Prior Active Service | 01 | 06 | 01 |
| | e. Total Prior Inactive Service | 00 | 02 | 02 |
| | f. Foreign Service | 00 | 00 | 00 |
| | g. Sea Service | 00 | 00 | 00 |
| | h. Effective Date of Pay Grade | 79 | 01 | 05 |
| | i. Reserve Oblig. Term. Date | 00 | 00 | 00 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)
ARMY SERVICE RIBBON

14. MILITARY EDUCATION (Course Title, number weeks, and month and year completed)
STK CON  *  8 WEEKS  (7710)

| 15. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM ☐ YES ☒ NO | 16. HIGH SCHOOL GRADUATE OR EQUIVALENT ☒ YES ☐ NO | 17. DAYS ACCRUED LEAVE PAID NONE |
|---|---|---|

18. REMARKS
CONTINUATION OF ITEM 14a    SUPMN    /NOTHING FOLLOWS/

| 19. MAILING ADDRESS AFTER SEPARATION 12913 S. 1800 W. RIVERTON, UT  84065 | 20. MEMBER REQUESTS COPY 6 BE SENT TO UT DIR. OF VET AFFAIRS ☒ YES ☐ NO |
|---|---|

| 21. SIGNATURE OF MEMBER BEING SEPARATED INDIVIDUAL NOT AVAILABLE FOR SIGNATURE | 22. TYPED NAME, GRADE, TITLE AND SIGNATURE OF OFFICIAL AUTHORIZED TO SIGN   M. J. TETTERTON CW2 USA CHIEF SEP DIV |
|---|---|

SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION DISCHARGE | 24. CHARACTER OF SERVICE (Includes upgrades) UNDER HONORABLE CONDITIONS |
|---|---|
| 25. SEPARATION AUTHORITY CHAP 14 SEC II AR 635-200 | 26. SEPARATION CODE JKB | 27. REENLISTMENT CODE RE-4 |

| 28. NARRATIVE REASON FOR SEPARATION CIVILIAN CONVICTION |
|---|

| 29. DATES OF TIME LOST DURING THIS PERIOD 790213 TO: 821015 | 30. MEMBER REQUESTS COPY 4 _____ INITIALS |
|---|---|

S/N 0102-LF-000-2140

SERVICE - 2

387 Mass. 191                                                      203

Commonwealth v. Tyree.

The next afternoon, Wednesday, February 14, Tyree set up a meeting with Aarhus off the base and arranged to have police officers present. When Tyree and Aarhus failed to appear, the officers went to the CID building at Fort Devens. Within a few minutes Tyree appeared and announced, "I've just seen the knife, the knife is in the barracks under Aarhus' pillow and you'd better get down there before it's moved." After receiving permission from military authorities, police officers and Army Criminal Investigation Division agents went to the service company barracks and searched Aarhus' room. Under his pillow, they found a knife with a four-and-one-half inch blade in a sheath, wrapped in a plastic bag. The knife had "Captain Beyond" inscribed on the blade and was covered with bloodstains later determined to be of Elaine Tyree's blood type. Officers arrested Aarhus immediately and brought him back to the CID building within thirty-five or forty

204                                                      387 Mass. 191

Commonwealth v. Tyree.

minutes after Tyree had entered that building. Shortly thereafter, Tyree was arrested.