October 11, 2004


United States District Court
Attn: Lisa Hourihan, Clerk
John J. Moakley Courthouse
1 Courthouse Way, Suite 5130
Boston, Massachusetts 02210


**RE: Tyree v. U.S. Army Et Al 04-11430-RCL
    And Enclosed Motion To Stay Proceedings
    In The United States Court Of Appeals
    At No. 04-2164 Pending Action At No. 04-
    11430-RCL To Be Concluded By November 15, 2004.**


Dear Clerk Hourihan:

        A Petition For Writ Of Mandamus is pending in the U.S.
Court of Appeals at No. 04-2164 against the Secretary of the Army
for reinstatement in the Army related to the same subject matter
that brought about the Civil Action in your court at No. 04-11430-
RCL.

I have motioned for a Stay of Proceedings (copy enclosed for your
information) in the First Circuit pending the filing of the Answer
to the Civil Action in your court. AUSA Sady filed a motion to
enlarge the time until November 15, 2004, at which time he is
supposed to try and give us an answer to this mess.

As you may recall, the Army and Massachusetts Civilian Police
arrested me on 2/13/79 on Fort Devens. Unfortunately for them,
the Massachusetts Supreme Judicial Court (SJC) ruled that my
arrest didn't actually occur until 2/14/79: at which time there
was probable cause.   Needless to say, the 2/13/79 arrest was
premature, without probable cause, etc, etc., etc.

The Answer expected to be filed on 11/15/04 by AUSA Sady will be
the first time in 26 years that the U.S. Army has been held to
account for the 2/13/79 (illegal) arrest. Based on that fact and
a few others, I have motioned to stay the proceedings in the
First Circuit. As I said, the Answer from Mr. Sady should be
most interesting. Afterall, the Army used the SJC decision to
prematurely discharge me without verifying the contents of that
opinion. Now I am using that same opinion to show the world

October 11, 2004


United States Court Of Appeals
    For The First Circuit
**Attn: Mr. Richard C. Donovan**
        **Clerk of Court**
2500 John J. Moakley Courthouse
One Courthouse Way
Boston, Massachusetts 02210



RE: In Re Tyree, No. 04-2164.



Dear Mr. Donovan:

    Please find enclosed the following for review and decision
by the U.S. Court of Appeals:

    4- (Copies) of the Petitioner's Motion To Stay Proceedings
        Until November 16, 2004 (Pending U.S. District Court
        activity due to be completed by November 15, 2004);
    4- (Copies) of the Petitioner's Affidavit w/Exhibit(s) 1 and
        2 in support of the requested Stay of Proceedings.

Also please take notice that I have served two copies of the
Stay of Proceedings w/Affidavit and Exhibit(s) 1 and 2 on the
U.S. Attorney by mailing same on this date via regulat first
class mail to Michael P Sady, Assistant U.S. Attorney who is
Counsel of Record in the U.S. District Court on a related matter
to the above Docket No. 04-2164 (Writ of Mandamus against the
Secretary of the Army). The attached Docket will reflect that
no specific Counsel has filed an appearence with the U.S. Court
of Appeals at No. 04-2164, and as such I have served this Motion
To Stay Proceedings pending in the Court of Appeals with AUSA
Sady. Thank you for your time and I look forward to your response.

Respectfully submitted,

William M. Tyree
Pro se
P.O. Box-100
S. Walpole, MA. 02071

                                    cc: U.S. Attorney Sullivan
                                        U.S. District Court,
                                            Clerk, No. 04-11430-RCL
                                        file

## CERTIFICATE OF SERVICE

I, William M. Tyree, on oath state that on this 11th day of
October 2004, I did serve the Motion To Stay Proceedings, with
Affidavits and Exhibits in support on the following:

1. Court of Appeals via Certified U.S. Mail, (No. 04-2164);
2. U.S. District Court via regular first class mail, (No. 04-11430-RCL);
3. Assistant U.S. Attorney Michael P. Sady via regular first class mail, (Counsel of Record, No. 04-11430-RCL).

Signed under the pains and penalties of perjury.

William M. Tyree
Pro se
P.O. Box-100
S. Walpole, MA. 02071

# UNITED STATES COURT OF APPEALS

## FOR THE FIRST CIRCUIT

_____

No. 04-2164

IN RE:  WILLIAM M. TYREE, JR.

Petitioner

_____

### PETITIONER'S MOTION TO STAY PROCEEDINGS
### UNTIL NOVEMBER 16, 2004

Comes now the Petitioner, William M. Tyree, **Pro se**, who moves

this United States Court of Appeals to allow this Motion and

Order that the above entitled case will be stayed until the

date of November 16, 2004, for the reasons set out in the

attached affidavit supported by exhibits. Those reasons being

in the best interest of justice and judicial economy.

Respectfully submitted,                    October 11, 2004

William M. Tyree
Pro se
P.O. Box-100
S. Walpole, MA. 02071

Page two

     **(c).** the above case also relates to the illegal arrest
of my person while in the U.S. Army on Fort Devens by the
Massachusetts Civilian Police (MPA), without probable cause
on February 13, 1979, for a civilian homicide, which led to
lack of subject matter jurisdiction of the Massachusetts
judiciary to hear the case, convict, sentence and incarcerate
me. That chain of events led to my premature discharge from
the U.S. Army in October 1982;

     **(d).** The Massachusetts Supreme Judicial Court, (SJC),
found in the published opinion of **Commonwealth** v. **Tyree**, 387
Mass. 191, 203-204 (1982), that probable cause didn't actually
exist for my arrest until February 14, 1979, (2/14/79);

     **(e).** that the actual date of my arrest found by the SJC
as 2/14/79, was clearly brought to the attention of the U.S.
Army Judge Advocate General, (JAG), the Inspector General,
(IG), and the SOTA in 2003, and they refused to even respond
to this matter which led to the Civil Action at No. 04-11430-
RCL, which in turn led to the above entitled Mandamus now
before this United States Court of Appeals;

     **(f).** on October 1, 2004, I received a copy of a computer
print out in the Civil Action at 04-11430-RCL, attached at
**EXHIBIT-1**, which alerted me for the first time that the U.S.
Attorney, through AUSA Michael P. Sady was the counsel of
record for the U.S. Army, Et al. At no time have I ever

Page four

of Proceedings in the Petition For Mandamus before this Court
of Appeals is the logic of waiting to see what AUSA Sady files
in the way of an Answer. AUSA Sady could admit or deny facts
which could either enable this Court of Appeals to make a more
informed decision, or the Answer submitted could (if the Court
of Appeals rules prior to November 16, 2004 on the question of
whether or not to issue the Writ of Mandamus), the Answer from
AUSA Sady could undercut, or provide grounds to reverse the
ruling fo the Court of Appeals. The wise thing to do is Stay
the Proceedings until November 16, 2004, and see what AUSA Sady
has to say;

     (j). the third reason that I have requested the Stay of
Proceedings in the Petition For Mandamus before this Court of
Appeals is the existence of U.S. Army documents that were
verified within 48-72 hours of my arrest in February 1979.
AUSA Sady may decide to submit (Verified) U.S. Army **DA Form
4187 (1 May 1974)**, which contained information that my duty
status was changed from "present for duty to confined by civil
authorities on 13 Feb 1979 at 18:20 hours (6:20 Pm)". This
form would do two things for the U.S. Army: first, it would
establish when the U.S. Army was notified by the civilian
authorities that probable cause existed for the arrest of my
person; second, it would take the U.S. Army off the civil
liability hook by showing that their release of my person
was in good faith, and pursuant to lawful process provided

Page six

3. That, in summary, there are four reasons to grant this Stay
   of Proceedings requested herein:

    (a). for the first time in 26 years the U.S. Army has no
   choice and will file an Answer that this Court of Appeals needs
   to be aware of;

    (b). the U.S. Army through AUSA Sady may file information
   which could help the Court of Appeals, or undercut a decision
   made by the Court of Appeals and the Court of Appeals needs
   to Stay the Petition for Mandamus long enough to determine what,
   if any impact the action of AUSA Sady will have on the Petition
   for Mandamus;

    (c). the U.S. Army through AUSA Sady may file the DA Form
   4187 (1 May 1974) which as outlined herein above, could take
   the Army off the hook possibly for civil liability;

    (d). the U.S. Army through AUSA Sady upon filing the
   DA Form 4187 (1 May 1974) prove that the arrest of my person
   may have been in good faith on the part of the U.S. Army, that
   arrest on 2/13/79, at 1820 hours was illegal, and without
   probable cause in the eyes of the SJC (who found that probable
   cause didn't exist until 2/14/79). This DA Form 4187 (1 May
   1974) would verify that I am entitled to reinstatement in the
   U.S. Army at this time with all back pay, allowances and
   rank from 2/13/79, to the present time.

4. That, based on the reasons set out within this affidavit,
   I move for the Stay of Proceedings in the above entitled case

EXHIBIT

1

_____

I, William M. Tyree, on oath state that the
copies attached as pages to this exhibit are
true genuine copies of the documents they
purport to represent. Signed under the pains
and penalties of perjury on this date, <u>10/11/04</u>.

William M. Tyree, P.O. Box 100,
S. Walpole, Massachusetts, 02071

| 06/23/2004 | ● | Summons Issued as to CID Agent Joseph Burzenski (Retired), CID Agent Paul Mason (Retired), United States Army. (Stanhope, Don) (Entered: 06/24/2004) |
|---|---|---|
| 06/23/2004 | ● | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Cohen. (Stanhope, Don) (Entered: 06/24/2004) |
| 07/20/2004 | ●5 | Letter from William M. Tyree regarding Summons Served and other Filings Served. (Stanhope, Don) (Entered: 08/04/2004) |
| 07/20/2004 | ●6 PENDING | Plaintiff's MOTION to File Two Sided Copies of Pleadings with the United States District Court in this case. by William M. Tyree Jr.. (Stanhope, Don) (Entered: 08/04/2004) |
| 07/20/2004 | ●7 | Plaintiff's MOTION for the United States District Court Magistrate Judge to Adopt the Plaintiff's Proposed Finding of Fact and Conclusion of Law in the Plaintiff's Amended Complaint Supported by Exhibits 1-7, and Supplemental Pleadings. by William M. Tyree Jr..(Stanhope, Don) (Entered: 08/04/2004) |
| 07/20/2004 | ●8 PENDING | Plaintiff's MOTION to Effect Service of Amended Complaint with Exhibits 1-7 in Support and Supplemental Pleadings Served on United States District Court by Mailing Same to the Named Defendants VIA Certified U.S. Mail Return Receipt Requested. by William M. Tyree Jr..(Stanhope, Don) (Entered: 08/04/2004) |
| 07/20/2004 | ●9 | AFFIDAVIT of the Plaintiff Confirming Nolle Prosequi and Dismissal of Criminal Charges for Insufficient Evidence that Brought About Alleged False Arrest and Imprisonment with Exhibits in Support. by William M. Tyree Jr.. (Stanhope, Don) (Entered: 08/04/2004) |
| 07/20/2004 | ●10 | AFFIDAVIT of William M. Tyree Attesting to Prison Documents that Contain the Date of February 13th, 1979, as the Date of the Arrest of William M. Tyree, and the Date his Sentence Took Effect. by William M. Tyree Jr.. (Stanhope, Don) (Entered: 08/04/2004) |
| 07/20/2004 | ●11 | Plaintiff's Proposed Magistrates Findings of Fact and Conclusion of Law on the Plaintiff's Amended Complaint Supported by Exhibits 1-7, and Supplemental Pleadings Before Cohen, Magistrate Judge. by William M. Tyree Jr. (Stanhope, Don) (Entered: 08/04/2004) |
| 07/20/2004 | ●12 | Civil Action on the Nature of Four Legal Claims Pursuant to the Federal Tort Claim Act. by William M. Tyree Jr.. (Attachments: # 1 part 2# 2 part 3# 3 part 4)(Stanhope, Don) (Entered: 08/04/2004) |

```
┌─────────────────────┐
│      EXHIBIT        │
│         2           │
│      _____       │
└─────────────────────┘
```

I, William M. Tyree, on oath state that the
copies attached as pages to this exhibit are
true genuine copies of the documents they
purport to represent. Signed under the pains
and penalties of perjury on this date, 10/11/04 .

William M. Tyree, P.O. Box 100,
S. Walpole, Massachusetts, 02071



I, William M. Tyree, on oath state that the
copies attached as pages to this exhibit are
true genuine copies of the documents they
purport to represent. Signed under the pains
and penalties of perjury on this date, <u>10/11/04</u>.

William M. Tyree, P.O. Box 100,
S. Walpole, Massachusetts, 02071

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | U.S. Attorney Michael Sullivan, Chief Counsel for U.S. Army, Defendant(s). | US Post Office: Mailed Return Receipt Requested U.S. Certified Mail: Service by mail. |

**SERVED ON (PRINT NAME)** | **MANNER OF SERVICE**

Certified Mail # 7003 0500 0004 5798 4671

**William M. Tyree, Pro se, via Certified U.S. Mail Return Receipt Requested.**

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___July___ , 2004
DATE

William M. Tyree

SIGNATURE OF SERVER
Plaintiff, pro se,
P.O. Box-100
ADDRESS OF SERVER
South Walpole,
Massachusetts, 02071

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | U.S. Attorney Michael Sullivan, Chief Counsel for U.S. Army, Defendant(s). | US Post Office: Mailed Return Receipt Requested U.S. Certified Mail: Service by mail. |

SERVED ON (PRINT NAME) · MANNER OF SERVICE

Certified Mail # 7003 0500 0004 5798 4671

**William M. Tyree, Pro se, via Certified U.S. Mail Return Receipt Requested.**

SERVED BY (PRINT NAME) · TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

**William M. Tyree**

Executed on ___July 4, 2004___
DATE

SIGNATURE OF SERVER
**Plaintiff, pro se,
P.O. Box-100**
ADDRESS OF SERVER
**South Walpole,
Massachusetts, 02071**

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | U.S. Attorney Michael Sullivan, Chief Counsel for U.S. Army, Defendant(s). | US Post Office: Mailed Return Receipt Requested U.S. Certified Mail: Service by mail. |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

Certified Mail # 7003 0500 0004 5798 4671

**William M. Tyree, Pro se, via Certified U.S. Mail Return Receipt Requested.**

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

William M. Tyree

Executed on __July 9, 2004__
DATE

SIGNATURE OF SERVER
Plaintiff, pro se,
P.O. Box-100
ADDRESS OF SERVER
South Walpole,
Massachusetts, 02071

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.