UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM M. TYREE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-11430-RCL |
| UNITED STATES ARMY, CID AGENT PAUL MASON (Retired) and CID AGENT JOSEPH BURZENSKI, | ) ) ) ) | |
| Defendants. | ) ) | |

RESPONDENT'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS

I. PROCEDURAL AND FACTUAL BACKGROUND

(i)   Facts

This action centers on the Plaintiff's arrest twenty-five (25) years ago for the murder of his wife, which he claims lacked probable cause. From what can be gleaned from the documents filed in this Court, the Plaintiff William M. Tyree ("Tyree") alleges that in February of 1979 agents of the Army's Criminal Investigation Division, namely, Paul Mason and Joseph Burzenski, apprehended him at Fort Devens, Massachusetts, military installation on suspicion of his involvement in the murder of his wife, Elaine Tyree. Thereafter, in May of 1979, the Massachusetts State Trial Court held a probable cause hearing regarding the murder allegations wherein probable cause was found to issue a complaint for Tyree's involvement in his wife's murder as an accessory. In February of 1980, a civilian jury convicted Tyree of first degree murder, a conviction which was affirmed by the Massachusetts Supreme Judicial Court in Commonwealth v. Tyree, 387 Mass. 191 (1982). The State Court sentenced Tyree to life

imprisonment.

The genesis of Tyree's claim in this matter seemingly emanates from the fact that in the aforementioned decision, the SJC noted that Tyree was arrested on February 14, 1979.  See Tyree, 387 Mass. at 204.  According to Tyree, however, the U.S. Army actually arrested him for his wife's murder on February 13, 1979, the day before.  Thus, Tyree maintains that his arrest on February 13 was without probable cause and the Massachusetts State Trial Court lacked jurisdiction to conduct the trial which lead to his murder conviction and life sentence.

(ii)    Procedural Background

On December 13, 2004, this Court (per Lindsay, J.) denied Tyree's Motion for the U.S. Marshals to make service on defendant Burzenski or that it be made on the U.S. Attorney.  Similarly, the Court denied Tyree's motion to effectuate service of his Amended Complaint by mailing same to the U.S. Attorney in Massachusetts and ordered that service must be made in accordance with the Federal Rules of Civil Procedure.

II. ARGUMENT

Rule 4(i) of the Federal Rules of Civil Procedure sets forth the requirements of service of process upon the United States, its agencies, and officers.  The rule prescribes that service be effected upon the United States, its agencies, and officers, by delivering copies of the summons and complaint to the United States Attorney by hand delivery or by registered or certified mail, by sending copies of the summons and complaint to the Attorney General of the United States by registered or certified mail, and by sending copies to the officer or agency by registered or

certified mail.  Fed. R. Civ. P. 4(i)(1).[1]  Rule 12(b)(5) of the Federal Rules of Civil Procedure sets forth "insufficiency of service of process" as grounds for dismissal of a complaint.

The Court acquires personal jurisdiction over a defendant only if the defendant is properly served.  <u>Omni v. Capital Internat'l v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 103 (1987) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction"); <u>De La Cruz Arroyo v. Commissioner of Social Security</u>, 215 F.3d 1311 (1st Cir. 1998) (dismissal of case upheld when plaintiff failed to serve process seven months after complaint filed.); <u>Media Duplication Services, Ltd. v. HDG Software, Inc.</u>, 928 F.2d 1228, 1232-34 (1st Cir. 1991) (jurisdiction not established where no return of service).[2]

Since the defendant, the U.S. Army, is an agency of the United States, the plaintiff was required by Rule 4(i) to serve directly the defendant U.S. Army; the United States Attorney's Office; <u>and</u> the Attorney General of the United States.  Despite this Court's Order that Tyree serve the defendant's in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules, Tyree continuously serves the U.S. Attorney's Office and, in particular, the undersigned counsel, claiming that such service this meets the requirements of Rule 4(i).[3]

---

[1] If an individual employee of the federal government is being sued in his personal capacity, service must be accomplished upon that individual and upon the United States Attorney's Office, the Attorney General of the United States, and the agency.  Rule 4(i)(2)(B).

[2] It is the Plaintiff's burden to establish that proper serviced has been effected.  <u>United States v. Ayer</u>, 857 F.2d 881, 884-85 (1st Cir. 1988).

[3] Indeed, attached to Tyree's motion for default is service of process receipts indicating that Tyree served the U.S. Army and the individually named defendants, Burzenski and Mason, on the U.S. Attorney's Office.  Similarly, in a letter to this Court dated December 20, 2004, Tyree indicated that he effectuated service on all defendants pursuant to Rule 4(i)(1)(a) by

Needless to say, it does not.  Additionally, Rule 4(m) of the Federal Rules of Civil Procedure provides that an action shall be dismissed if service is not made upon a defendant <u>within 120 days</u> after the filing of the complaint, "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Clearly, proper service has not been accomplished by Tyree.  Accordingly, the defendants have not been brought within the jurisdiction of this Court, and the Complaint against them should be dismissed for failure of service.  <u>See</u> Fed. R. Civ. P. 4(i), 12(b)(5).[4]

WHEREFORE, since service has not be accomplished, the defendants respectfully request that this Court grant their motion to dismiss the plaintiff's Complaint in its entirety.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                UNITED STATES ATTORNEY

By:   */s/ Michael Sady*
      Michael Sady
      Assistant U.S. Attorney
      1 Courthouse Way, Suite 9200
      Boston, MA   02210
Dated: April 11, 2005      (617) 748-3100

---

serving the undersigned counsel.

[4] In light of the service deficiencies, any request by Tyree for default should be denied.

**CERTIFICATE OF SERVICE**

      This is to certify that I have this 11th day of April 2005, I served upon the Plaintiff, pro se, a copy of the foregoing document at MCI Walpole, P.O. Box 100, South Walpole, MA 02070, by depositing in the United States mail first-class a copy of same in an envelope bearing sufficient postage for delivery.

                                              */s/ Michael Sady*
                                              Michael Sady
                                              Assistant United States Attorney

**LOCAL RULE 7.1(A)(2) CERTIFICATION OF COMPLIANCE**

      Because Plaintiff is a prisoner currently incarcerated in a state correctional facility, counsel for the United States respectfully requests leave to file this Motion and accompanying Memorandum of law without a 7.1 conference.

                                              */s/ Michael Sady*
                                              Michael Sady
                                              Assistant United States Attorney