UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MASSACHUSETTS

```
WILLIAM M. TYREE                            )    C.A. 04-11430-RCL
P.O. BOX-100                                )
SOUTH WALPOLE, MA. 02071                    )
PLAINTIFF, Pro se                           )
                                            )
V.                                          )    PLAINTIFF'S MOTION IN
                                            )    OPPOSITION TO THE DEFENDANT'S
                                            )    MOTION TO DISMISS THE AMENDED
UNITED STATES ARMY                          )    COMPLAINT DUE TO LACK OF
CID AGENT PAUL MASON (Retired)              )    SERVICE RULE 12(b)(5) MOTION
CID AGENT JOSEPH BURZENSKI (Retired)        )
DEFENDANTS                                  )
U.S. Department of Justice                  )
John J. Moakley Courthouse                  )
1 Courthouse Way, Suite 9200                )
Boston, Massachusetts 02210                 )
(Main phone: 617-748-3100)                  )
Counsel for Defendants                      )
```

Comes now the Plaintiff, William M. Tyree, **Pro se**, who moves this United States District Court, (USDC), to allow this Motion and Order that the Amended Complaint in the above entitled case will not be dismissed due to lack of service, as service was properly effected. As grounds to allow this Motion in full, the Plaintiff would offer the attached affidavit with exhibits that clearly verify all parties were served pursuant to Rule 4(i) of the Fed. R.C.P., as ordered by the USDC.

Respectfully submitted,                              May 8, 2005

*William M. Tyree* (signature)
William M. Tyree
**Pro se**
P.O. Box-100
S. Walpole, MA. 02071

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM M. TYREE<br>P.O. BOX-100<br>SOUTH WALPOLE, MA. 02071<br>PLAINTIFF, Pro se<br><br>V.<br><br><br>UNITED STATES ARMY<br>CID AGENT PAUL MASON (Retired)<br>CID AGENT JOSEPH BURZENSKI (Retired)<br>DEFENDANTS<br>U.S. Department of Justice<br>John J. Moakley Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210<br>(Main phone: 617-748-3100)<br>Counsel for Defendants | C.A. 04-11430-RCL<br><br><br><br>PLAINTIFF'S AFFIDAVIT WITH<br>EXHIBITS ATTESTING TO PROPER<br>SERVICE OF ALL PARTIES IN<br>THIS ACTION PURSUANT TO RULE<br>4(i) FEDERAL RULES OF CIVIL<br>PROCEDURE AND THE U.S.<br>DISTRICT COURT ORDER OF 13<br>DECEMBER 2005, LINDSAY, J. |

I, **William M. Tyree**, on oath pursuant to 28 USC, §1746, state:

1. That, I am the named Plaintiff in the above entitled action.

2. That, on 23 June 2004, the above action was filed.

3. That, on 13 December 2004, Lindsay, J., of the United States

   District Court, (USDC), did issue the Order attached at **EXHIBIT-1/**
   **1**, which did direct me to reserve Defendant Joseph Burzenki,

   pursuant to the FRCP, Rule 4(i).

---

**1/** This issue raised two facts that warrant mention to the USDC in this case. First, as the Order of 13 December 2004 outlines, I need to follow the FRCP, and the <u>local rules</u>. The prison grievance also seen at Exhibit-1 reflects that there are no local rules in the prison Law Library (L/L), at MCI-Walpole, (MCIW), and the prison refuses to put the local rules into the L/L. The second fact raised by the Order of 13 December 2004, is the original service on Defendant Burzenski was refused by Burzenski himself. At Exhibit-1, please note that the original Certified U.S. Mail service was refused twice by Burzenski. That is the **first** "good faith attempt" by me to serve Burzenski. The **second** good faith attempt to serve Burzenski came through Asst. U.S. Attorney, (AUSA) Michael P. Sady. AUSA filed two Motions for Enlargement of Time To File An Answer To The Amended Complaint representing all named Defendants on 14 September 2004, and again on 15 November 2004. Clearly AUSA Sady was defending all Defendants and service of the Amended Complaint was made on the Civil Process Clerk via

Page two
Aff'd of William M. Tyree

4. That, the Order of 13 December 2004 is silent on whether or not the service²⁄ on Defendants Mason and the U.S. Army had to be redone, and reserved one more time. Further, AUSA Sady had not, and has never challenged in writing the initial service of either Mason or the U.S. Army prior to the Order of 13 December 2004. See **EXHIBIT-2** for documents related to this paragraph.

5. That, irregardless of whether or not AUSA Sady challenged the service on 30 December 2004, AUSA Sady filed the letter seen attached at **EXHIBIT-3**, which basically stated that until I complied with the FRCP, he refused to litigate the above entitled action of **Tyree**, v. **U.S. Army**, **Et al.**, 04-11430-RCL

---

**1/** (continued from preceeding page) the Certified U.S. Mail Card No. 7003 0500000457972609. In essense, service was made on the Defendants Counsel who had filed two Motions For Enlargements in their names. The **third** good faith attempt to serve Burzenski again went through AUSA Sady. On 9 February 2005, the U.S. Marshal's Office did serve the Amended Complaint on Burzenski via the Receptionist at the Office of the U.S. Attorney, see Marshal Form USM-285 (original) on file with the USDC, copy seen at Exhibit-1. In all, Burzenski who refused service by Certified U.S. Mail twice, was then served one more time via Certified U.S. Mail to the Civil Process Clerk at the Office of the U.S. Attorney through AUSA Sady, (Counsel of Record), and then the U.S. Marshal served Burzenski again through AUSA Sady with the standard Marshal Form . That is four attempts to get the Amended Complaint into the hands of Burzenski who did not want to take service.

**2/** Original service of the Amended Complaint on Defendant(s) Mason and the U.S. Army occurred via Certified U.S. Mail No. 70030500000457984671 (U.S. Army-Dept. of Justice) and Mail No. 70030500000457976812 (Mason-Dept. of Justice), copies of the Mail Cards are seen at Exhibit-2. So even though AUSA Sady had not challenged the service on either Defendant Mason or the U.S. Army by December 2004, (five months after the action was filed into the USDC; and even though the USDC did not specifically Order me to reserve either Mason or the U.S. Army) nevertheless, **in good faith** I did reserve both Mason and the U.S. Army using the U.S. Marshal. Since I did not have the funds, Mr. Henry Amsden paid the cost of the service by U.S. Marshal on Defendant Mason and U.S. Army through the AUSA Sady-Civil Process Clerk-Receptionist at the Office of the U.S. Attorney, see Exhibit-2 for the copies of the USM-285 Form verifing that service was effected on Counsel of Record.

Page three
Aff'd of William M. Tyree

on file before Lindsay, J. [3/]

5. That, on or about April 11, 2005, AUSA Sady filed a tardy Rule 12(b)(5) motion alleging that the service Ordered by the USDC as of 13 December 2004, had not been completed properly, and

---

[3/] The letter at Exhibit-3 is just the latest contradiction in this case by either AUSA Sady or the USDC. Consider the following and ask yourself one question, if the USDC is unbiased in this case, how did the question of service become this messy and confused? **First**, the issue of contradiction by the USDC. Between the date of 23 June 2004 and 13 December 2004, the USDC accepted two Motions For Enlargements Of Time from AUSA Sady, and allowed both motions. AUSA Sady failed to challenge the service of the Amended Complaint during this time period. Indeed, not only did he not challenge the alleged misservice, he actually went forward and filed fine months worth of enlargements of time. So the first contradiction is why should the USDC even consider the question of misservice when the AUSA assigned to the case had moved the case forward and not timely filed for Rule 12(b)(5) relief. A second constradiction by the USDC is the fact that the USDC was clearly shown that Defendant Burzenski had refused service via Certified U.S. Mail at his home address. Once that was shown the USDC should have granted the service made on the AUSA who had the pleadings in his possession and had obviously already filed two Motion For Enlargements in the name of all Defendant(s) including Burzenski. **Second**, the contradictions of the AUSA Sady: note AUSA Sady had from 23 June 2004 to 13 December 2004 to file a Rule 12(b)(5) but fails to do so. Then turns around on 30 December 2004 and tenders the letter at Exhibit-3 to the USDC that outlined he refused to take any further action in the case until I followed the FRCP. Then on April 11, 2005, **ten months**, after the action was filed AUSA Sady files a very tardy Rule 12(b)(5) motion. That raised several issue's such as between 13 December 2004 and 11 April 2005 since Defendants Mason and the U.S. Army had not been specifically addressed in the USDC Order of 13 December 2004, what were their status, and why were they hanging in limbo without default being entered against them by the USDC? such as the FRCP as outlined in Rule 1 reflects that all parties are bound by the FRCP. Yet when all parties didn't object to the initial service of the Amended Complaint by 13 December 2004, how can the AUSA Sady file a Rule 12(b)(5) motion on behalf of all Defendants, when the USDC Order of 13 December 2004 only addressed Defendant Burzenski? such as AUSA Sady filed a "letter" at Exhibit-3 instead of a proper Motion protesting the alleged improper service of the Amended Complaint, that letter violated Rule 10 (as not being prescribed Motion form) and Rule 7(b)(1)(2)(3) of the Fed. R.C.P.; the letter at Exhibit-3 violated Rule 11 of the Fed.R.C.P., by deliberately misrepresenting the position of the Defendants: as not all Defendants were addressed for issue of service by the USDC Order of 13 December 2004. Defendants Mason and U.S. Army were never even named and their service went uncontested by the AUSA Sady until 11 April 2005 (ten months after the action was filed).

Page four
Aff'd of William M. Tyree

the gist of his Rule 12(b)(5) motion specifically centered upon the following:

    (a). each individual Defendant[4] was not tracked down and served specifically with the Amended Complaint (amended prior to service on the Defendants);

    (b). inaddition to the individual Defendants, the Agency (i.e., U.S. Army in this case), was never properly served with the Amended Complaint;[5]

    (c). inaddition to the individual Defendants, and the Agency in question, (U.S. Army in this case), the Dept. of Justice-U.S. Attorney General,[6] was never properly served with the Amended Complaint;

---

[4] Serving each individual Defendant in this case was not possible for several reasons. First, this case is 26 years old and the whereabouts of Defendant Mason are still in question. Former U.S. Army contacts known to me are not even sure if he is alive!; Second, the whereabouts of Defendant Burzenski was known and Certified U.S. Mail was sent to him and he refused service twice. This issue is a live issue on the matter of Certified U.S. Mail due to the legal authorities cited by AUSA Sady in his Rule 12(b)(5) which allowed for Certified U.S. Mail service as set out below; Third, my duty assignment at the time of the illegal arrest complained of in the Amended Complaint by the U.S. Army was the 441st Military Intelligence Detachment, 10th Special Forces Group, (Airborne), Fort Devens, Massachusetts, and the FBI Report at EXHIBIT-4. I maintain contacts within the Intelligence community and with the Special Forces community. Both of those areas have warned me that if I attempt to track down a federal agent (even a retired federal agent such as CID Agent Mason to discover his whereabouts in order to make individual service on him), I would put myself in the position of violating The Patriot Act; which forbids any attempt to learn the whereabouts of a federal agent, or to make that information known. I guess the AUSA Sady didn>t think about the welfare of Agent Mason when he demanded that I track Agent Mason down and serve him.

[5] I made service on the U.S. Army in at least three ways: first, U.S. Certified Mail to the Secretary of the Army, Mail Card No. 70041350000196580755, on August 27, 2004, see EXHIBIT-5; second, U.S. Certified Mail to the Commanding General, Fort Benjamin Harrison, Mail Card No. 70020510000182006981, see Exhibit-5, signed for July 2, 2004; third, to the Judge Advocate General who acknowledged the suit had been filed in the USDC, Eastern District of Massachusetts, via the JAG letter dated July 11, 2004, also seen at Exhibit-5, with the PS Form 3800.

[6] Attorney General John D. Ashcroft was served U.S. Certified Mail No. 7002 0510000182023322, see EXHIBIT-6, PS FORM 3800.

Page five
Aff'd of William M. Tyree

Needless to say, that a review of Exhibit-5 and Exhibit-6 clearly reflect that I did comply with Rule 4(i) and effect service as required.

6. That, another reason that service was effected by the U.S. Marshal on all three Defendants between January 28, 2005 and Februay 9, 2005, was due to the USDC Order of 13 December 2004, which outlined that "two sided copies" of documents filed with the USDC would not be accepted. In the companion case in the U.S. Court of Appeals, **In Re Tyree**, 04-2164, (seeking a different relief, against different parties, i.e., reinstatement of the Petitioner (myself), in the U.S. Army with back pay, rank and allowances), in this case 04-2164, I was allowed to file two sided copies, see **EXHIBIT-7**. Nevertheless, when the USDC did issue the Order of 13 December 2004, I did attempt in good faith to reserve all Defendants through AUSA Sady with one sided copies by making that service through the U.S. Marshal to the Counsel of Record, who is AUSA Sady.

7. That, since this affidavit is attesting to proper service I would raise the legal authorities cited by AUSA Sady in his Rule 12(b)(5) motion for the following reasons]

    (a). **United States v. Ayer**, 857 F.2d 881, 884-885 (1st Cir. (1988) placed the burden to demonstrate proper service on the Plaintiff. This case, **Ayer**, did not attempt to have service made by the U.S. Marshal which Exhibit-5 and 6 reflect that I did; **Ayer** did not have a AUSA file two Motions For Enlargement

Page six
Aff'd of William M. Tyree

Of Time To File An Answer To The Complaint or otherwise make any type of specific appearance as AUSA Sady has done in this case for <u>all</u> of the named Defendants;

    (b). <u>De La Cruz Arroyo</u> v. <u>Commissioner of Social Security</u>, 215 F.3d 1311 (1st Cir. 1998)(hereafter <u>Cruz</u>). This case is an unpublished opinion and I cannot access it, and the L/L at MCIW refuses to furnish it. **Judicial Notice is requested that I am incarcerated and can't access this case and would move to have reference to it struck from the record.** This case was dismissed when the Complaint was not served after seven months according to the Memorandum of Law filed by AUSA Sady. This case is clearly inapplicable as **I can show that in the past 10 months since my case against the U.S. Army, Et al was filed, I did serve**

| Defendant-Party | Certified U.S Mail | U.S. Marshal |
|---|---|---|
| Burzenski | Served twice by Certified U.S. Mail | served once by U.S. Marshal |
| Mason - Dept. of Justice | Served twice by Certified U.S. Mail | Served once by U.S. Marshal |
| U.S. Army - Dept. of Justice | Served Certified Mail to Secretary of the Army; the Commanding General Ft. Ben Harrison; JAG, Ft. Meade, MD. | Served once by U.S. Marshal |
| U.S. Atty. General | Certified Mail once | |

<u>Cruz</u>, is further inapplicable because I served Counsel of Record, AUSA Sady and clearly put the Defendants on notice of the action and gave them ample opportunity to defend against it;

Page seven
Aff'd of William M. Tyree

    (c). **Omni v. Capital Internat'l v. Rudolf Wolff & Co.**, 484 U.S. 97, 103 (1987), is inapplicable as it relates to the langauge of Rule 4 from 1987. The language found in Rule 4 (2005), is significant enough to make **Omni** inapplicable. In my case as set out above in **Cruz** inaddition to service by U.S. Marshal I made Certified U.S. Mail service eight additional times to attempt service. That is totally different from any of the cases AUSA Sady has cited in his Rule 12(b)(5) motion to support his position;

    (d). **Media Duplication Services, Ltd. v. HDG Software, Inc.**, 928 F2d 1228, 1232-34 (1st Cir. 1991)(Jurisdiction not established where no return of service). In **Media** there was a question of return of service, in my case the AUSA (Sady) assigned to the case established a return of service when he filed and was allowed two Motions For Enlargemenst Of Time. In **Media,** the Court found that Certified U.S. Mail pursuant to Massachusetts General Law, c. 223A, §6(a)(3)(which was in use in 1991), could be used to serve a defendant in the USDC; the Court made the same findings in **Ayer**, supra., that placed the burden on the Plaintiff to show service had been effected. When Burzenski refused Certified service **TWICE! I served his Attorney, AUSA Sady.** Both **Ayer** and **Media** allow for U.S. Certified Mail service. I made U.S. Certified Mail service eight times as outlined above in **Cruz**. **Ironically,** each of the 1st Circuit cases used by AUSA Sady to reflect inadequate service by me reflect two things in my favor:

Page eight
Aff'd of William M. Tyree

>  <u>first</u>, the language found in Rule 4 of the Fed.R.C.P., at the time of the cases being decided is different than the language in Rule 4 at this time; <u>second</u>, all of the cases cited and detailed above, or at least **Ayer** and **Media** specifically allow for service in the USDC using the state law of service that allows for service by U.S. Certified Mail Return Receipt Requested. See **Media** at page 1234 note 6 for service related issue.

8. That, I can make the following showing through this affidavit and exhibits:

>    (a). eight U.S. Certified Mail servings in a ten month period since the case was filed into the USDC;
>
>    (b). three U.S. Marshal servings in a ten month period since the case was filed into the USDC;
>
>    (c). tracking down federal agents, even retired federal agents would raise the issue of a violation of the Patriot Act;
>
>    (d). one of the federal agents in this case, (Mason), his whereabouts are unknown and he may be dead: the AUSA Sady was quick to move for dismissal for failing to effect proper service, but AUSA Sady has not provided a current address for Agent Mason;
>
>    (e). Secretary of the Army, U.S. Attorney General, and U.S. Army JAG were served timely;

Page nine
Aff'd of William M. Tyree

    (f). todate there have been eleven attempts at service on the Defendants with the bulk of that service on the AUSA Sady, the admitted Counsel of Record, who acted on the Amended Complaint and filed two Motion For Enlargements Of Time;

    (g). the caselaw used by AUSA Sady in his late filed Rule 12(b)(5) motion supports my position far better than the position of AUSA Sady. It either supports my position or its inapplicable as the language of Rule 4 Fed.R.C.P. has changed since the cases were decided.

9. That, based on the foregoing above, I would move this USDC to allow the Motion In Opposition To The Defendant's Motion To Dismiss The Amended Complaint Due To Lack Of Service Rule 12(b)(5), and Order that the Amended Complaint will not be dismissed; and the Defendants will have 30 days upon which to file an answer to the Amended Complaint that the Defendants have had in their possession since at least July 11, 2004 according to documents at Exhibit-2, Exhibit-5 and Exhibit-6.<u>7/</u>

Signed under the pains and penalties of perjury on this date, May 8, 2005.

William M. Tyree
Pro se
P.O. Box-100
S. Walpole, MA. 02071

---

<u>7/</u> Judicial notice is also requested to the effect that since this case begin, prison officials have been contacted and directed to disrupt this case in any way they can. See some of the grievance filed in connection with this matter at **EXHIBIT-8**. As the AUSA Sady is heard to complain of inadequate service, I can show grievances that outline I was directly ordered to not contact any of the named Defendants in this action.